# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHERRY J. HISER, | : | |
| Plaintiff, | : | Case No. 3:14cv00055 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN,<br>Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On February 19, 2014, Plaintiff filed a *pro se* Complaint in this Court seeking judicial review from a final decision issued by the Commissioner of the Social Security Administration. Plaintiff, however, did not file a Statement of Errors in response to Defendant's Answer as required by the Magistrate Judges' Sixth Amended General Order No. 11. Consequently, the Court Ordered Plaintiff to Show Cause – not later than August 8, 2014 – why her Complaint should not be dismissed due to her failure to prosecute and due to her failure to file a Statement of Errors as required by the Magistrate Judges' Sixth Amended General Order No. 11. (Doc. #7). The Court also provided Plaintiff with an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

alternative opportunity to file a Statement of Errors by August 8, 2014.  *Id*.  Plaintiff has not responded to the Court's Order to Show Cause and has not filed a Statement of Errors.

The Court finds that Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors and by not complying with the Order to Show Cause.  The main effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record is void of an explanation by Plaintiff for her failure to file a Statement of Errors.  Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

August 13, 2014

                                                s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).